ANTONIO CORREA, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 663. Argued December 23, 1929.—Decided January 17, 1930.

*Felipe Colón Díaz,* for petitioner. *Agustín E. Font,* in his own behalf and for the respondent.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

In the petition herein it is substantially alleged: That Antonio Correa is the legally appointed guardian of Victoria Almodóvar, an incapacitated person; that Teresa Almodóvar was a former guardian of the said incapacitated person and, as such, had certain litigation with José Rentas wherein the District Court of Ponce ordered her removal as guardian and the rendition of her accounts, the latter at the instance of the new guardian Antonio Correa, who contested them, and thereupon the court appointed a referee; that during the pendency of the above proceedings and in connection with one of them, attorney Agustín Font appeared and filed a motion for the allowance of attorney's fees for services rendered to the former guardian in the accounting proceedings, wherein the said Teresa Almodóvar had been sued in her capacity as guardian of the incapacitated person; that this motion was opposed by the present guardian, and that the court made an order granting the motion of attorney Agustín Font and assessing the fees at six hundred dollars, which order is transcribed in the pe-

tition; that the order is contrary to law and is prejudicial to the interests of the incapacitated person and that the fees should have been claimed in an independent action in which the former guardian Teresa Almodóvar should have been made a party defendant, and further grounds are alleged; that in the action, wherein the said order was made, no judgment has been rendered, and that the petitioner can not resort to the remedy of appeal, or to any other remedy than that of certiorari.

The return confirms the allegation made that attorney Font had filed in the District Court of Ponce, in civil case No. 8786 (*Ex parte* Teresa Almodóvar y Cortés), the motion for the allowance of attorney's fees. It also shows the answer filed by the petitioner herein in opposition to that motion, the order of the court allowing the said attorney six hundred dollars as fees, and also a notice of the appeal taken from that order by Antonio Correa on October 18, 1929; similarly a writ of attachment for the collection of the above $600, executed by the marshal, but not for the whole amount.

The order with which we are now concerned is not included among those which are appealable under section 295 of the Code of Civil Procedure.

Reduced to its simplest terms, the question is as follows: Can an attorney recover his fees for services rendered in an *ex parte* proceeding by means of a motion within the same proceeding, or must he file an independent action to have his right to compensation determined?

In the present case the district court, in making the order sought to be reviewed, took into account sections 327 and 339 of the Code of Civil Procedure, which deal with the discretion of courts in granting attorney's fees and with the manner of claiming such fees. It acknowledges that attorney Font has not filed a memorandum of costs, but a motion. The court then cites section 293 of the Civil Code, which provides that the expense of rendering the guardianship accounts must be borne by the minor or incapacitated person.

It orders that attorney Font verify his motion, and grants him $600 as attorney's fees.

It appears from the return that attorney Font was counsel for defendant Teresa Almodóvar, who was guardian of the incapacitated person, in civil case No. 821. In that case a judgment was rendered against the said defendant, without special pronouncement of costs.

We do not think that the compensation claim of attorney Font is governed by sections 327 and 339 of the Code of Civil Procedure. But the fees sought to be recovered by him constitute one of several items of expense chargeable to the guardianship of the incapacitated person and fall within the provisions of section 293 of the Civil Code, which reads as follows:

"The expense of rendering the accounts shall be borne by the minor or incapacitated person."

Undoubtedly the district court has general jurisdiction of the subject matter. We fail to find in its granting of the said fees within the guardianship proceedings, wherein the parties were fully heard, any violation of procedural rules or any excess of jurisdiction.

For the foregoing reasons, the motion of the petitioner must be denied and the writ discharged.